The Chancellor.
Sarah M. Hall exhibited her bill of complaint in this court for the foreclosure and sale of mortgaged premises, upon a mortgage which she held against David C. Urquhart. There were several mortgage and judgment creditors of Urquhart made defendants to the bill. A decree was obtained to sell the mortgaged property to pay the complainants’ mortgage; and among other encumbrances, which were decreed to be satisfied oiit of the sale, was a ten thousand dollar mortgage held *303 by John B. Myers, as assignee, a judgment of John I. Smythe, for upwards of two thousand dollars, and a judgment of Francis Lee, of about eighteen hundred dollars. After the bill was filed, John B. Myers assigned his mortgage to Edward M. Davis, one of the firm of E. M. Davis & Co.; John I. Smythe assigned his judgment to Jonathan P. Burton, another member of the same firm; and Francis Lee assigned his judgment to Charles W. Wharton, another member of the firm of E. M. Davis & Co. The bill alleges that the ten thousand dollar mortgage was paid and satisfied while it was held by Myers, and that, by an arrangement made between Drquhart and the firm of E. M. Davis & Co., it was assigned by Myers to Edward M. Davis, to be held by the firm for TJrquhart’s benefit, and for the purpose of enabling him to defraud his creditors. The bill also charges that the Smythe and Lee judgments were also paid off by Drquhart, and were assigned to Burton and Wharton for the same unlawful purpose. The complainants are judgment creditors of Drquhart, who have taken out execution on their judgment, and have levied upon the mortgaged premises. They ask to be relieved against the alleged fraud, and that this court will prevent the decree from being used to appropriate the moneys raised under it to the payment of this mortgage and these judgments, which are kept on foot, as they allege, for the purpose of defrauding Drquhart’s creditors.
Dpon filing the bill, an injunction was issued to stay all further proceedings upon the decree. Since then, the injunction has been so modified as only to enjoin the sheriff from satisfying the alleged fraudulent mortgage and judgments out of the proceeds of the sale.
The individuals composing the firm of E. M. Davis & Co. have answered the bill, and upon their answer have moved to dissolve the injunction.
In the first place, it is insisted that the bill cannot be maintained; that the complainants, not being parties to *304 the original suit, cannot interfere with the decree in that suit, which is conclusive.as to the rights of the parties. As far as the bill complains of mere irregularities in the proceedings, the position is correct. But the decree cannot be used, by any of the parties to it, for the purpose of defrauding creditors. If the allegations of the bill are true, and if the mortgage and judgments are fraudulently kept on foot for Urquhart’s benefit, the complainants, who are his creditors, have a right to ask this court to interpose and to prevent the decree from being used to place in the pocket of the fraudulent debtor the proceeds of property which belong to his creditors. There is no obstacle to giving relief, as it is sought by this bill. The complainant in the foreclosure suit is entitled to her money; and so are the other mortgagee and judgment creditors in that suit, the bona jides of whose liens are not questioned. All that is necessary, in order to give complete relief, is for the court to arrest so much of the execution of that decree as directs the sheriff to pay off and satisfy out of the proceeds the alleged fraudulent mortgage and judgments. When the question of fraud, set up in this bill, is determined, those proceeds will be disposed of in accordance with the decree made in this suit. If the fraud is made out, the complainants, with the other creditors of Urquhart who shall come in and entitle themselves to the benefit of this suit, will be substituted in the place of the holders of the alleged fraudulent mortgage and judgments. I think the remedy sought by the bill is the one to which the complainants are entitled, if the alleged fraud can be established.
But the defendants ask that the injunction may be dissolved, on the ground that the equity of the hill is answered. The complainants interpose the objection, that all the defendants who are implicated in the charge of fraud have not answered. The fraud is alleged to have been devised by Urquhart, in connection with John B. Myers and with the defendants, who compose the firm of *305 E. M. Davis & Co. The gravamen of the charge rests on Urquhart and Myers, as well as on the defendants who have answered. Indeed, many of the facts charged in the hill going to establish the fraud are within the knowledge of Urquhart and Myers exclusively, and are answered by the defendants only upon their information and belief. “ Where the complainants have taken the necessary steps to expedite their cause, and procure the answer of all the defendants, an injunction will not be dissolved until the defendant upon whom the gravamen of the charge is made has answered ; and if all the defendants are implicated in the charge, not until all have answered.” Eden on Inj. 117, notes and cases there cited. Process to appear and answer was duly served on Urquhart and Myers. .Both have made default, and a decree pro confesso has been taken against them. The complainants have used due diligence in expediting their cause, and have taken all the requisite steps to procure the answers of Urquhart and Myers.
It was argued that Myers and Urquhart are not necessary or proper parties to the suit; and that, therefore, their default should not prejudice the defendants who have answered. But both of them are certainly proper parties. The charge is, that they combined with the other defendants to commit the fraud. A complainant may properly make every one a party who is a participator in the fraud. He has a right to do this for the purpose of discovery; and the general rule is, that he is entitled to hold his injunction until he obtains that discovery. But Urquhart is n ot only a proper, but necessary party to the suit. The object of the bill is to recover a debt which Urquhart owes the complainant. If the complainants succeed, it must be upon the ground that Urquhart is fraudulently interposing the mortgage and judgments to defeat the complainants in the recovery of their debts. Such a decree could not be made without giving Urquhart an opportunity of being heard. This case is directly within the *306 decision of Price v. Clevenger et al., 2 G. C. R. 207. Price recovered a judgment at law against Clevenger. Wilkinson had a prior judgment by confession. The bill was filed by Price, alleging that the confessed judgment was fraudulent, and an injunction obtained to prevent the sale of the debtor’s property under it. Wilkinson answered, and fully denied the fraud. Clevenger made default, and a decree pro confesso was taken against him. The Chancellor refused to dissolve the injunction, upon the ground that the complainant was entitled to the answer of Clevenger. The injunction was retained to the hearing.
There was another ground upon which it was insisted that this injunction should.be dissolved. After the decree was obtained in the suit upon the bill filed by Sarah M. Hall, Hrquhart presented his petition, alleging that the ten thousand dollar mortgage and the judgments had been paid by him, and were used for an unlawful purpose. I have not the petition now before me, but I have a recollection of its contents. That petition was dismissed on several grounds, one of which was, that the facts were not sustained by the proofs. I do not think that the action of the court upon that petition can have any bearing upon the present suit. The complainants were not parties to the proceedings upon the petition, and the position they occupy in this suit is very different from that occupied by any of the parties in the proceedings under that petition..
The motion is denied, but without costs.